ORDER
SAYRE, JUDGE:
An application of the claimant, Zenobia Flynn, for an award under the West Virginia Crime Victims Compensation Act, was filed October 20,2005. The report of the Claim Investigator, filed April 4, 2006, recommended that no award be granted. An Order was issued on June 22, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed July 20, 2006. This matter came on for hearing October 18, 2006, the claimant appearing in person and by counsel, Roslyn Artis, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On August 20, 2004, Belinda Tywana Flynn, the claimant’s 39-year-old daughter, was the victim of criminally injurious conduct, specifically, a fatal gunshot to the head, in Beckley, Raleigh County. The alleged offender, Terrance Battle, was not indicted.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the victim may not have been an innocent victim of crime. W.Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant ... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.” There was an allegation by the offender that the victim had stolen money from him. In addition, when the victim’s body was found, she had a “crack stem” in her hand, indicating possible drug use.
Testifying at the hearing of this matter was Detective Jeffrey Shumate of the Beckley Police Department, who stated that the alleged offender, Terrance Battle, believed that the victim had stolen $200.00 from his girlfriend’s purse. Detective Shumate stated that Mr. Battle then threatened to kill the victim. The victim reported the threat to police. Detective Shumate testified that there was never any evidence to show that the victim had stolen any money from the alleged offender. He further testified that Mr. Battle never contacted police about the supposed theft.
Darrel Flynn, the victim’s brother, testified at the hearing of this matter that he was aware that Mr. Battle had threatened to kill his sister. He stated that Mr. Battle came to the claimant’s house in the middle of the night one night looking for Belinda Flynn. Mr. Flynn testified that he and his sister then went to a detective’s house to report that Mr. Battle had come looking for her. Mr. Flynn further stated that his sister denied having stolen any money and that she was terrified because of the threat made by Mr. Battle.
*209 Zenobia Flynn, the victim’s mother, testified that her daughter and granddaughter were living with her at the time of her daughter Belinda Tywana’s death. She revealed that her daughter made approximately $700.00 per month, and that there was never any indication that she suddenly had more money to spend on things.
The Claim Investigator’s original finding was that the victim was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding. Thus it became the claimant’s burden to prove by a preponderance of the evidence that her daughter was not guilty of contributory misconduct. The Court is of the opinion that the claimant did meet this burden. There was no evidence produced at hearing to suggest that the victim had stolen any money from Mr. Battle or his girlfriend. There was also no evidence that any possible drug use had anything to do with the crime.
The Court is constrained by the evidence to reverse its previous mling and find that the victim was not guilty of contributory misconduct. Therefore, an award of $6,627.85 is hereby granted in accordance with the economic loss analysis of the Claim Investigator dated December 1, 2006, and attached hereto. Should the claimant later submit documentation of any additional unreimbursed allowable expenses relating to this incident, they will be reviewed by the Court at that time.